UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

ELMER MARIN,

    Plaintiff,　　　　　　　　　　　　　　　　　Case No. 6:24-cv-1049

v.

MAGICAL CRUISE COMPANY, LTD.,
d/b/a Disney Cruise Line,

    Defendant.
_____/

### JOINT REPORT ON THE STATUS OF ARBITRATION

Per the District Court's Order (Dkt. #43), the parties file this joint report on the status of arbitration and advise as follows:

### PLAINTIFF, ELMER MARIN'S UPDATE

1.    In compliance with the District Court's Order of November 26, 2024 (Dkt. #34), the Plaintiff submitted his "Seafarer's Request for Arbitration" on June 11, 2025 to the designated Seafarer's Union Representative, Remo Di Fiore, in Rome, Italy, and to Disney Cruise Line – Human Resources Manager, in London, England. (**Exhibit A**).

2.    On June 19, 2025, Plaintiff's undersigned counsel was informed by Mr. Di Fiore Francesco from the Seafarer's Union that the Plaintiff's claim *was time barred*, that his claim *will not be recognized*, and that the Union *has declined to represent Plaintiff in an arbitration*. (**Exhibit B**).

3. Having been informed by the Union that Plaintiff's request for arbitration was time barred, that it will not be recognized, and that the Union has declined to represent him, Plaintiff has essentially been left without any legal representation to proceed with his claim in arbitration.

4. Plaintiff requested arbitration through the Union, as required by the terms of the Collective Bargaining Agreement (CBA). Plaintiff requested representation through the Union, since it was his only viable path to proceed with an arbitration which is required to be brought in London, England. Plaintiff was entitled to have the Union represent him and for the Union to pay for the full costs of the arbitration. Without the Union's representation, Plaintiff has no other legal representative, nor the funds available, to pursue his request for arbitration in London, England.

5. Additionally, Defendant, DCL, is also refusing to waive its "time bar" defense, while at the same time insisting that Mr. Marin can proceed with arbitration on his own accord, without Union representation, and while also demanding that Mr. Marin pay for half of "*the costs incurred in connection with the arbitration, including the charges by the arbitrator and his legal assessor if appointed.*" On August 22, 2025, Plaintiff wrote to DCL's Human Resources Director, Dewald Hanekom, requesting that DCL confer with the Union, as required by the CBA, and to reconsider waiving their time bar defense, and have the Union represent Mr. Marin with his request for arbitration. (**Exhibit C**).

6. Based on these circumstances, Plaintiff is researching possible grounds for the Court to reconsider its ruling compelling arbitration.

### DCL'S UPDATE

7. On June 24, 2025, the parties provided the District Court with a joint report. In that report, Mr. Marin stated that "Plaintiff's position is that he is unable to proceed with his claim in arbitration." (Dkt. #42, ¶3.) DCL, in contrast, pointed to the process to initiate arbitration outlined by the CBA for when the Union declines representation. (Dkt. #42, ¶4.)

8. To clarify any confusion, on July 16, 2025, DCL sent a letter to counsel for Mr. Marin regarding arbitration (**Exhibit D**.) Before today, DCL had not received any response to its letter.

9. In its July 16 letter, DCL informed Mr. Marin that DCL had been notified by Mr. Marin's union that it was declining to represent Mr. Marin in his arbitration. Specifically, the Union stated it was exercising its rights under "Article 24 'Grievance and Arbitration Procedures', point 5 'Arbitration Procedure,'" to decline representation. (**Ex. B.**) To again attempt to clarify any confusion, and as a courtesy, DCL provided some guidance that "it is Mr. Marin's choice as to whether to proceed with arbitration against DCL without Union representation" and that when the Union declines to represent a seafarer, then "Seafarer's representative shall take the place of the Union in the arbitration process." (**Ex. D**.)

10. DCL indicated that it would "participate in an arbitration initiated by Mr. Marin if he so chooses, of course preserving all DCL's defenses, including its time bar defense" and asked Mr. Marin to send a request for arbitration if he wished to proceed. (**Ex. D**.)

11. DCL received no response to its July 16 letter until today, August 22, 2025, at 2:49 PM. (**Ex. C**.) Mr. Marin's counsel sent that correspondence to DCL saying Mr. Marin "would like to proceed with arbitration," but also stating they believe Mr. Marin cannot proceed with arbitration without Union representation. (**Ex. C**.) It remains unclear to DCL whether Mr. Marin intends to initiate arbitration.

/s/ Luis A. Perez
LUIS A. PEREZ
Florida Bar No. 936870
LAW OFFICES OF LUIS A. PEREZ, P.A.
9500 S. Dadeland Blvd., Suite 702
Miami, FL 33156
Tel: (305) 577-0063
E: lap@perezlaw.net
*Attorneys for Plaintiff*

/s/ Elbert L. Martin, IV
ELBERT L. MARTIN, IV
Florida Bar No. 98010
LAU, LANE, PIEPER, CONLEY & McCREADIE, P.A.
100 S. Ashley Drive, Suite 1650
Tampa, FL 33602
Tel: (813) 229-2121
E: emartin@laulane.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 22, 2025, the foregoing was filed with the Clerk of Court using the CM/ECF system.

**/s/Elbert L. Martin, IV**
ELBERT L. MARTIN, IV
Florida Bar No. 98010
