# LAW OFFICES OF LUIS A. PEREZ, P.A.
9500 S. Dadeland Boulevard, Suite 702 Miami, FL 33156

Lap@perezlaw.net

Office 305-577-0063
Telefax 305-577-4445

August 22, 2025

<u>Via Email: dewald.hanekom@disney.com</u>

Dewald Hanekom, Human Resources Director
Magical Cruise Company, Limited
3 Queen Caroline Street
Hammersmith, London W6 9PE

      RE:    **Elmer Marin v. Magical Cruise Company, Ltd., d/b/a Disney Cruise Line**

Dear Mr. Hanekom,

On June 11, 2025, Mr. Marin submitted his "Seafarer's Request for Arbitration" to the designated Seafarer's Union Representative, with a copy to your office, as required by the Collective Bargaining Agreement (CBA). Mr. Marin requested representation through the Union, to represent him in his request for arbitration, which is required to be pursued in London, England, where Mr. Marin has no other legal representation.

On June 19, 2025, we were informed by the Union that they were declining to represent Mr. Marin because "*his claim was time barred and would not be recognized*," not because the Union believed that his claim "lacks merit," as you stated.

You already have a copy of Mr. Marin's request for arbitration, and Mr. Marin would like to proceed with arbitration. However, the Union and Disney Cruise Line are making it impossible for Mr. Marin to do so without Union representation, and while at the same time refusing to waive their "time bar defense." Disney is also demanding that Mr. Marin pay for half the costs of the charges of the arbitrator and for the arbitration. Mr. Marin does not have the knowledge, skill required, or funds to pursue an arbitration on his own without representation by the Union, for a claim which the Union has informed Mr. Marin is time barred.

The Collective Bargaining Agreement provides that "a request for arbitration brought outside the time limit above will not be recognized and will be time barred. *If it is not reasonably practical for the Seafarer to comply with this requirement then the time limit may be extended, subject to the Union and Company agreeing to such extension.*" As you may be aware, Mr. Marin initially filed his lawsuit, for the claims which he is pursuing, in a complaint that was properly filed in the Brevard County State Court on February 17, 2023, as was permitted and required by his Employment Agreement with Disney Cruise Line. Pursuant to the terms of the Collective

**Exhibit C**

Dewald Hanekom, Human Resources Director
August 22, 2025
Page 2

Bargaining Agreement, please confer with the Union Representative to have them reconsider, with DCL's agreement, to an extension of the deadline for filing Mr. Marin's arbitration claim, so the Union can represent him. Thank you.

Very truly yours,

Luis A. Perez

LAP/cc